UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DANA MARIE BRUGGENWIRTH,

Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

Case No. 2:23-cv-01198-EJY

**ORDER**

Pending before the court is Plaintiff's Counsel's Notice and Combined Motion & Brief for 406(b) Attorney Fees. ECF No. 25. Defendant Commissioner filed a response. ECF No. 26. The Court finds as follows.

**I.      BACKGROUND**

Plaintiff, represented by counsel, has appeared twice in federal court to challenge the Commissioner's decision on her application for disability benefits. *Bruggenwirth v. Saul*, 2:20-cv-01468-DJA; *Bruggenwirth v. O'Malley*, 2:23-cv-01198-EJY. In the pending action, Plaintiff filed a Motion to Remand on October 30, 2023. ECF No. 15 at 2. On December 13, 2023, the parties stipulated to voluntarily remand, which was granted. ECF Nos. 19, 20. On remand, Plaintiff was awarded $100,738.00 in past due benefits. ECF No. 25 at 2.

Counsel requests an award of attorney's fees for a total of $25,184.50 under the contingency fee contract. ECF No. 25 at 2. However, rather than seek a total fee award with direction to refund Plaintiff for the EAJA funds, counsel is requesting a net payment of $10,246, which is the remaining balance after subtracting the $14,938.00 in EAJA fees previously received[1], from the $25,184.50 award allowed under the fee contract. *Id*.

---

[1]      As the Commissioner explains, Plaintiff was approved for $7,900.00 in EAJA fees at ECF No. 24 in the pending action (2:23-cv-01198-EJY) and $7,038.00 in EAJA fees in the previous action (ECF No. 29 in 2:20-cv-01468-DJA). ECF No. 26 at 3. Thus, Plaintiff's counsel has received a total of $14,938.00 in EAJA fees.

1

**II.     STANDARD**

Under 46 U.S.C. § 406(b)(1)(A), "[w]hen a court renders a judgment favorable to a claimant … who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."

In applying Section 406(b), the Court first determines whether a fee agreement has been executed between the plaintiff and her attorney. *See*, *e.g.*, *Garcia v. Astrue*, 500 F.Supp.2d 1239, 1242 (C.D. Cal. 2007). If so, the Court must respect "the primacy of lawful attorney-client fee agreements" in awarding fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). Nonetheless, the Court has an "affirmative duty" to ensure the fees provided are "reasonable." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (*en banc*). "A fee resulting from a contingency-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* at 1148 (internal quotation and citation omitted). The Court's review of the amount of attorney's fees is meant as "an independent check" to ensure that the agreement will "yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

**III.    ANALYSIS**

    A.    The Total Amount of Attorney's Fees Requested is Reasonable.

Counsel is seeking a total award of $25,184.50, which is 25% of $100,738.00, and falls squarely within the terms agreed to by Plaintiff. No evidence suggests counsel provided anything but effective representation or that he engaged in dilatory conduct. The time spent working on this case, as documented by counsel, appears to be proportionate to the time required for a remanded social security case. Thus, the Court finds the entirety of $25,184.50 to be reasonable.

    B.    The Court May Award Fees Using the Net Approach.

Counsel asks the Court to alter its usual approach to awarding attorney fees. That is, when plaintiff's counsel is awarded fees under both the EAJA and 42 U.S.C. § 406(b), district courts will

typically order counsel to refund plaintiff the smaller of the two. *Crawford v. Astrue*, 586 F.3d 1142, 1144 n.3 (9th Cir. 2009).

In *Linnan v. Kijakazi*, this Court was confronted with a request to award fees using the net approach, under which the district court would approve a total fee award under § 406(b) and reduce it by the amount of EAJA fees previously awarded. *Linnan v. Kijakazi*, Case No. 3:19-cv-00225-LRH-WGC, 2021 WL 4190636, at *3-6 (D. Nev. Aug. 26, 2021), *report and recommendation adopted,* Case No. 3:19-cv-00225-LRH-WGC, 2021 WL 4189607 (D. Nev. Sept. 14, 2021). After a careful review of caselaw within the Ninth Circuit and beyond, the Court concluded it could use its discretion to award fees using the net approach. *Id.* at *5. The Court explicitly relied on the Eleventh Circuit's reasoning stating "[r]egardless of whether the attorney writes a refund check to his client or deducts the amount of the EAJA award from his § 406(b) fee request, the purpose of the Savings Provision is fulfilled—the attorney does not get a double recovery." *Id.* (citing *Jackson v. Commissioner of Social Security*, 601 F.3d 1268 (11th Cir. 2010)).

Based upon the reasoning set forth in *Linnan*, and in the absence of any position taken by the Commissioner (ECF No. 26 at 3), the Court finds it is appropriate to award fees using the net approach.

**IV.    ORDER**

IT IS HEREBY ORDERED that the Notice and Combined Motion & Brief for 406(b) Attorney Fees (ECF No. 25) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's counsel is awarded attorney's fees in the amount of $25,184.50, but this amount shall be reduced by $14,938.00 in EAJA fees, for a **NET AWARD of $10,246.50**.

IT IS FURTHER ORDERED that the net award is to be paid to Chermol & Fishman, LLC, 11450 Bustleton Ave., Philadelphia, PA, 19116.

Dated this 2nd day of March, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3